**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-cr-30190-MJR |
| ) | |
| DANIEL WAYNE STARK, SR., ) | |
| ) | |
| Defendant. ) | |

**ORDER OF FORFEITURE WITH RESPECT TO PROCEEDS OF $263,200.00**

In the Second Superseding Indictment filed in the above cause on January 20, 2005, the United States sought forfeiture of property of defendant, Daniel Wayne Stark, Sr., pursuant to **18 U.S.C. § 982(a)(1)**.

The Court finds that the property obtained by the defendant as described in Count 28 ($25,000.00), Count 29 ($22,600.00), and Count 30 ($24,000.00) were all "involved in" the violations of **18 U.S.C. § 1957** as specified in each of said counts. For these three counts alone, the defendant shall forfeit $71,600.00.

In addition, Count 27 describes a conspiracy under **18 U.S.C. § 1956(h)** to engage in monetary transactions in criminally derived property. Using the interpretation of the Seventh Circuit of what constitutes property "involved in" for purposes of forfeiture (see *United States v. Trost*, **152 F.3d 715, 721 (7th Cir. 1998)** and *United States v. Baker*, **227 F.3d 955, 967 - 971 (7th Cir. 2000)**; *cert. denied* **531 U.S. 1151 (2001))**, it is clear that those transactions where the defendant obtained funds in exchange for stolen property are all "involved in" the conspiracy described in Count 27 of the Indictment, and the funds are thus forfeitable. The illegal transactions are included in Government's Exhibit 300 and are more fully detailed and described as follows:

| Item Number in Exhibit 300 | Equipment | Witness | Record of testifying witness | Record in support of price paid for stolen item | Price paid for stolen item |
|---|---|---|---|---|---|
| 2 | New Holland TC40 w/loader G505954 | Dan Schumer | Vol. V Pages 130-200 | Vol. V Pages 138 - 139 | $10,000.00 |
| 11 | New Holland TC40 G500556 | Bill Reef | Vol. VI Pages 2 - 28 | Vol. VI Pages 5 - 6, 13 - 14 | $11,000.00 |
| 15 | Case Uniloader Model 75XT JAF0297428 | Sonny Simpson | Vol. VI Pages 90 - 180 | Vol. VI Pages 104 - 105 | $6,000.00 |
| 18 | New Holland TN 75 1189759 | Larry Gravil | Vol. VII Pages 27 - 115 | Vol. VII Page 30, 97 | $11,500.00[1] |
| 19 | New Holland TC45 tractor with loader & backhoe G507491 | Sonny Simpson | Vol. VI Page 90 - 180 | Vol. VII Page 120, 122 - 125 | $12,000.00 |
| 20 | John Deere 5310 LV5310S430091 | Max Morris | Vol. VI Pages 56 - 89 | Vol. VI Page 69 | $11,000.00 |
| 26 | John Deere 6310 L06310V295067 | Joe Tabor | Vol. VI Pages 28 - 56 | Vol. VI Pages 38 - 40 | $22,000.00 |
| 27 | John Deere 6410 L06410V313428 | William Wilson | Vol. VI Pages 181 - 189 Vol. VII Pages 2 -26 | Vol. VII Pages 4 - 7 | $25,000.00 |

---

[1] The witness Larry Gravil indicated that he purchased this item for "$11,500 or $12,000" (Vol. VII, page 30). The Court will construe the ambiguity in favor of the defendant and adopts the lower figure of $11,500.

| Item Number in Exhibit 300 | Equipment | Witness | Record of testifying witness | Record in support of price paid for stolen item | Price paid for stolen item |
|---|---|---|---|---|---|
| 28 | Arctic Cat ATV 500 4UF02ATV32T212005 | William Wilson | Vol. VI Pages 181 - 184 Vol. VII Pages 2 - 26 | Vol. VII Pages 5, 9, 12 - 15 | $3,000.00 |
| 29 | Arctic Cat ATV 500 4UF02ATVX2T210106 | Larry Gravil | Vol. VII Pages 27 - 115 | Vol. VII Pages 37 - 40, 46, 48 | $1,500.00 |
| 30 | Arctic Cat ATV400 4UF02ATV72T209138 | Donald Hudson | Vol. VII Pages 121 - 132 | Vol. VII Pages 122 - 125 | $3,000.00 |
| 32 | Green Max II 600T Six Wheel ATV 18032 | Donald Hudson | Vol. VII Pages 121 - 132 | Vol. VII Pages 122 - 126 | $2,200.00 |
| 35 | DynaMOW lawn tractor CKAW23-212 | Larry Gravil | Vol. VII Pages 27 - 115 | Vol. VII Pages 37 - 40, 46, 48 | $3,000.00 |
| 42 | John Deere 6420 L06420P341072 | Larry Gravil | Vol. VII Pages 27 - 115 | Vol. VII Pages 54 - 56 | $23,000.00 |
| 43 | John Deere 6310 L06310V282678 | Larry Gravil | Vol. VII Pages 27 - 115 | Vol. VII Pages 61 - 62, 70 - 71 | $24,000.00 |
| 44 | John Deere 6310 L06310V230779 | Chris Davis | Vol. VII Pages 133 - 157 | Vol. VII Pages 137, 146 | $25,000.00 |
| 45 | John Deere 6420 L06420V334377 | Elbert Ray Jones | Vol. VII Pages 222 - 240 | Vol. VII Pages 224, 226, 229, 233 | $25,000.00 |
| 46 | John Deere 6420 L06420V338532 | Donald Sullivan | Vol. VII Pages 185 - 213 | Vol. VII Pages 191 - 194 | $25,000.00 |

| Item Number in Exhibit 300 | Equipment | Witness | Record of testifying witness | Record in support of price paid for stolen item | Price paid for stolen item |
|---|---|---|---|---|---|
| 47 - 48 | John Deere 5520 LV5520S151168<br><br>John Deere Gator W006X4X059372 | Timmy Davis | Vol. VII Pages 157 - 185 | Vol. VII Pages 167, 171 - 172 | $20,000.00 |
|  |  |  |  | **TOTAL** | **$263,200.00** |

The Court therefore finds that the amount to be forfeited pursuant to Count 27 are United States funds in the amount of $263,200.00. However, since the proceeds described in Counts 28 through 30 are also included within the same transactions described in Count 27, the Court will order a total amount of proceeds to be forfeited of $263,200.00.

A monetary forfeiture judgment is entered in favor of the United States and against defendant Daniel Wayne Stark, Sr. in the amount of $263,200.00. Said judgment may be enforced 1) as an ordinary monetary judgment, 2) by, where appropriate, the forfeiture of substitute assets, or 3) by a combination of both, as long as double recovery is not obtained by the government.

Said forfeiture judgment for $263,200.00 is separate from and in addition to any judgment for restitution to be entered by this Court and is enforceable above and beyond any said judgment for restitution.

In that the forfeiture consists of a money judgment, it is not necessary for the United States to publish or provide notice or for the Court to conduct an ancillary hearing.

Upon sentencing, this Order for Forfeiture will become final with respect to defendant Daniel Wayne Stark, Sr. and will be made part of his sentence and shall be included in his judgement.

**IT IS SO ORDERED.**

**DATED this 23rd day of February, 2006.**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**