IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DANIEL WAYNE STARK, SR.,

    Defendant.

Case No. 03-cr-30190-001-SMY

**ORDER**

This matter comes before the Court on Defendant's Motion for Clarification (Doc. 398). Defendant seeks clarification of his sentence, specifically regarding restitution.

Defendant contends that when he was sentenced, the District Court judge assigned to his case stated that the costs of imprisonment and supervision would be waived because it was clear that Defendant did not have the ability to pay (Doc. 398, Ex. A). Currently imprisoned, Defendant claims that case workers and Bureau of Prison staff at Butner Correctional Institution Two ("Butner") in North Carolina have been seizing money that Defendant receives from family.

In the Judgment entered by the Court, it was clearly stated that Defendant was required to pay restitution (Doc. 280). Such payments could be made through the Clerk of Court, but "may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program" (Doc. 280, p. 8). When sentencing Defendant, the Court waived the costs of *imprisonment* and *supervision*, not restitution (Doc. 398, Ex. A). In fact, the Court stated on the record and in the Judgment that Defendant would be required to pay restitution. (Doc. 398. Ex. A, Doc. 280).

The Inmate Financial Responsibility Program ("IFRP") was created to collect payments from federal inmates toward court-ordered fines and/or restitution. See 18 U.S.C. §3612(c). The Court has no authority to override the BOP's discretionary implementation of the IFRP. See

*In re Buddhi*, 658 F.3d 740, 741-42 (7th Cir. 2011).  "The Attorney General, not the courts, is responsible for the collection of court-ordered restitution, and this authority has been delegated to the BOP." *Akers v. Walton*, 2015 WL 264705 (S.D. Ill. Jan. 20, 2015).  "[T]he courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation…" *Buddhi*, 658 F.3d at 741.

Defendant's sentence required him to pay restitution.  Accordingly, the BOP has the authority to collect court-ordered funds from Defendant pursuant to the IFRP.  Defendant's Motion for Clarification is therefore DISMISSED.

**IT IS SO ORDERED.**

**DATE: May 9, 2016**                                                                 **s/ Staci M. Yandle**
                                                                                         **STACI M. YANDLE**
                                                                                         **DISTRICT JUDGE**